```
                UNITED STATES DISTRICT COURT           FILED
                   DISTRICT OF SOUTH DAKOTA            MAR 30 2012
                     SOUTHERN DIVISION
```

\***************************************************************

| | |
|---|---|
| ALEXANDER C. YOUNG, an individual, | CIV 11-4056 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: MOTIONS FOR JUDGMENT ON THE PLEADINGS |
| RONALD KLUSKEN, an individual; NATIONAL OUTDOORS LEADERSHIP SCHOOL, an entity of unknown formation; and DOES 1 to 50, inclusive, | |
| Defendants. | |

\***************************************************************

Pending before the Court is Defendant National Outdoor Leadership School's Motion for Judgment on the Pleadings (Doc. 14), and Defendant Ronald Klusken's Motion for Judgment on the pleadings (Doc. 17). The Court heard argument on these motions and for the reasons set forth below is granting both motions.

## THE PLEADINGS AND DOCUMENTS ON RECORD

Plaintiff Young alleges in his Complaint that he is a resident of California, that Defendant Ronald Klusken is a resident of Wisconsin, and that Defendant National Outdoor Leadership School (NOLS) is an entity with its principal place of business in Wyoming. In 2008 Plaintiff Young was on an NOLS-endorsed and supervised rock climbing activity in Custer County, South Dakota, near the Needles Climbing Area. Plaintiff Young alleges Defendant Klusken fired a loaded shotgun within 100 yards of the NOLS campsite, striking Plaintiff several times. Plaintiff Young alleges that Defendant Klusken caused injuries to Plaintiff which required in-hospital treatment and resulted in permanent facial scarring and emotional distress.

Defendants contend in their answers, and Plaintiff does not dispute, that the shooting occurred on April 25, 2008. The complaint in this action, which is based on three negligence theories, was

filed on April 25, 2011. Doc. 1. On that same day, the clerk's office issued summonses to Young for Klusken and NOLS. Doc. 4, 5. The Certification of Personal Service regarding Defendant Ronald Klusken sets forth that the Summons and Complaint were received by the deputy sheriff on July 5, 2011, and were served on Klusken in Wisconsin on July 7, 2011. The Proof of Service regarding the summons for NOLS sets forth that the summons was not delivered to a deputy until July 13, 2011, and was not served on NOLS in Wyoming until July 14, 2011. Doc. 11.

## DISCUSSION

Defendants NOLS and Klusken have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), contending that Young's complaint is barred by the three-year statute of limitation found at S.D.C.L. § 15-2-14(3). In considering a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). A motion for judgment on the pleadings will be granted where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Syverson v. FirePond, Inc.*, 383 F.3d 745, 748 (8th Cir. 2004); *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).

Since this is a diversity action with the claims based upon state law, it is governed by state substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Since statutes of limitations are substantive laws, in diversity actions they are controlled by state law. *See Paracelsus Healthcare Corp. v. Philips Med. Sys.*, 384 F.3d 492, 495 (8th Cir. 2004); *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997).

The parties agree that South Dakota's statute of limitations applies. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) ("[E]ven before *Erie R. Co. v. Tompkins*, federal courts relied on statutes of limitations of the States in which they sat."). In *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), the Supreme Court held that Federal Rule of Civil Procedure 3, which provides that an action is commenced by filing a complaint, does not operate to extend a state's statute of limitations in a diversity action. The *Walker* case involved an Oklahoma commencement of action statute, which provided that if a complaint is filed within the limitations period an action is deemed to have commenced from the date of the filing if the plaintiff served the defendant within 60 days, even

2

though that service may occur outside the limitations period. 446 U.S. at 743. Since the plaintiff in *Walker* filed his complaint in federal district court before the running of the statute of limitations, but did not effectuate service within the 60-day extension period, the action was time barred. The Supreme Court held that "state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction." 446 U.S. at 752-753.

The Eighth Circuit has held that *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), requires that if a state rule requires service of a summons to commence an action, the state rule and not Fed. R. Civ. P. 3, which requires filing to commence an action, applies for purposes of determining compliance with the statute of limitations. *Walker v. Thielen Motors, Inc.*, 916 F.2d 450, 451 (8th Cir. 1990) (Minnesota rule requiring service of summons to commence an action, not Fed. R. Civ. P. 3, governs time action was deemed commenced for purposes of statute of limitations.); *Fischer v. Iowa Mold Tooling Co., Inc.*, 690 F.2d 155, 157 (8th Cir.1982) (Diversity action for state law negligence claim in South Dakota had to be dismissed as untimely when service was not had on defendant within three-year state statutory period.) South Dakota law requires service of the summons, not filing of the complaint, in order to commence an action. *See* S.D.C.L. § 15-2-30 (an action is commenced as to each defendant when the summons is served on him or on a codefendant united in interest with the defendant). S.D.C.L. §15-2-31 provides for a sixty-day extension period to the commencement of an action contemplated in S.D.C.L. § 15-2-30. S.D.C.L. § 15-2-31 provides:

> An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

In order for the extension period to apply, the summons must be placed in the hands of the sheriff or other county officer within the period of the statute of limitations. *Fischer v. Iowa Mold Tooling Co., Inc.*, 690 F.2d at 156 (citing *Arbach v. Gruba*, 86 S.D. 591, 199 N.W.2d 697 (1972)).

Plaintiff Young, however, relies upon Federal Rule of Civil Procedure 4(e) in support of his

3

position that the action is not time-barred, pointing out that the law of the state in which Defendant Klusken was served provides for commencement of an action by filing a summons and complaint in court and allows a ninety-day extension to effectuate service of the summons on the defendant. Federal Rule of Civil Procedure 4(e) provides in relevant part:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

A problem with that argument is that Rule 4(e) deals with methods of service, not time of service. Fed. R. Civ. P. 4(m) deals with time limits for service. Plaintiff Young[1] then cites to Wisconsin Rules of Civil Procedure 801.02 regarding time for service of process which provides that a civil action is commenced "when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing." Klusken was served within 90 days of the filing of the complaint in this action.

Federal Rule of Civil Procedure 4, however, will not be utilized to extend South Dakota's statute of limitations. "Rule 4 deals only with process. Rule 3 concerns the 'commencement' of a civil action." *Schiavone v. Fortune*, 477 U.S. 21, 30 (1986) (Supreme Court declines to temper Rule 15(c) by "engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint"). This Court follows the reasoning set forth in *Poulos v. Wilson*, 116 F.R.D. 326 (D. Vt. 1987), a diversity case in which the state rule provided that an action was commenced by filing the summons and complaint, but required the summons and complaint to be served upon the defendant within 30 days after the filing of the complaint. Service in the *Poulos* case was effectuated 31 days after filing the summons and complaint. The district court in *Poulos* rejected the plaintiff's argument that since Fed. R. Civ. P.

---

[1] The Leadership School was served in Wyoming on July 14, 2011, 80 days after the action was filed. Even if the Wyoming commencement of action statute, W.R.C.P. 31, was applicable, that statute requires service within 60 days after filing for commencement. The Court determined at the time of the hearing on the motion for judgment on the pleadings that this action was time barred with regard to Defendant National Outdoor Leadership School.

4

4(j) (now substantially in Rule 4(m)) allows a plaintiff 120 days to serve a defendant after the filing of a complaint, Rule 4(j) should control over the Vermont rule. In rejecting this argument, the district court in *Poulos* reasoned:

> In *Walker*, the Supreme Court clearly ruled that federal Rule 3, concerning commencement of actions, was never intended to displace state tolling rules for purposes of state statutes of limitations, 446 U.S. at 750–51, 100 S.Ct. at 1985–86. We therefore are unwilling to find that federal Rule 4(j), dealing with service of process, displaces state rules that describe the steps needed to commence an action so as to toll the state limitations period.

116 F.3d at 330. *See also Morse v. Elmira Country Club*, 752 F.2d 35, 42 (2d Cir. 1984) (court rejects argument that Fed. R. Civ. P. 4(j) adds 120 days to the applicable state statute of limitations, and states that "the legislative history of the amendments shows that Congress recognized the implications of *Walker* when it considered the amendments to Rule 4(c)"); *Robinette v. Johnston*, 637 F.Supp. 922, 924 (M.D.Ga. 1986) ("[T]here is no reason why an action based on state law which would be barred in the state courts should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants."). *But see Tillman v. Georgia*, 466 F.Supp.2d 1311, 1322 (S.D.Ga. 2006) ("This Order may be said to tinker with the scope of rights created by the State of Georgia by extending the life of those rights. Any extension, however, is not given by this Court in an unguided *Erie* choice; it was given by Congress in enacting the Federal Civil Procedure Amendments Act of 1982, providing an 'irreducible allowance' of 120 days for serving process in federal court.").

Plaintiff also argues that substantial compliance with South Dakota's statute has occurred and equitable tolling should apply because the statute was followed sufficiently so as to carry out the intent for which it was adopted and the purpose of the statute has been served. Generally, the courts require strict compliance with a statute of limitations to preserve a claimant's right to bring an action. *Anson v. Star Brite Inn Motel*, 788 N.W.2d 822, 825 (S.D. 2010) (citing *Dakota Truck Underwriters v. South Dakota Subsequent Injury Fund*, 689 N.W.2d 196, 201 (S.D. 2004)). "'[T]he purpose of a statute of limitations is speedy and fair adjudication of the respective rights of the parties.'" *Peterson v. Hohm*, 607 N.W.2d 8, 12 (S.D. 2000) (quoting *State of Minn. ex rel. Hove v. Doese*, 501 N.W.2d 366, 370 (S.D. 1993)). A statute of limitations allows potential defendants "to be 'freed from the consequences of their actions after a statutory period of time resulting in peace of mind for

the individual, less docket congestion, fewer administrative problems for the courts, and less work for law enforcement agencies. Stale claims are eliminated.'" *Id.*

The harsh effect of a statute of limitations can be judicially modified in limited circumstances through the application of the doctrine of equitable tolling. *Dakota Truck Underwriters v. South Dakota Subsequent Injury Fund*, 689 N.W.2d at 201-02. The doctrine of equitable tolling permits a plaintiff to bring a suit after the expiration of the statute of limitations when inequitable circumstances had prevented the plaintiff from timely commencing the action. *Dakota Truck Underwriters*, 689 N.W.2d at 202 (citing *Bailey v. Glover*, 88 U.S. 342 (1874)). However, the application of the doctrine of equitable tolling requires the existence of circumstances "truly beyond the control of the plaintiff." *Dakota Truck Underwriters*, 689 N.W.2d at 202 (citing *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989)). See also *Anson v. Star Brite Inn Motel*, 788 N.W.2d 822 (S.D. 2010). In addition, no basis has been shown for the application of equitable estoppel.

Plaintiff in this case has not presented circumstances that would allow for anything other than strict compliance with the statute of limitations. The Court's sympathy for the plaintiff for the injuries alleged is no basis for equitable tolling. Nothing has been shown or suggested that would have prevented earlier filing and service. The doctrine of equitable tolling is not applicable in this case. Since this action was not commenced against either defendant as required by South Dakota law within the applicable statute of limitations,

> IT IS ORDERED that the motions for judgment on the pleadings (Doc. 14, 17) are granted.

Dated this 30th day of March, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Colleen Schulte*
DEPUTY